IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **AMIN IBRAHIM HASSEN,** § | | |
|     Petitioner, § | | |
| § | | |
| v. § | EP-26-CV-00048-DB | |
| § | | |
| **KRISTI NOEM**, *Secretary, U.S.* § | | |
| *Department of Homeland Security, et al.*, § | | |
|     Respondents. § | | |

**ORDER**

On this day, the Court considered the above-captioned case. On January 14, 2026, Petitioner Amin Ibrahim Hassen filed a "Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory Relief," ECF No. 1. Petitioner is currently detained in the physical and legal custody of Respondents in El Paso, Texas in the Western District of Texas. *Id.* at 2. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 20. On January 14, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 3 at 3.

Petitioner is an Ethiopian national who entered the United States in 2024. *Id.* at 2. Upon arrival, he presented himself near the Calexico, California port of entry and declared his fear of returning to Ethiopia. *Id.* at 2. U.S. Customs and Border Protection ("CPB") initially placed him in expedited removal proceedings under 8 U.S.C. § 1225(b)(1) and detained him pending a credible fear interview. *Id.* Following an interview, an asylum officer determined that there was a significant possibility that Petitioner could establish eligibility for asylum in the United States. *Id.* As a result, the Department of Homeland Security ("DHS") vacated Petitioner's expedited removal order and

initiated full removal proceedings under 8 U.S.C. § 1229a. *Id.* at 2–3. Petitioner was subsequently issued a Notice to Appear charging him under 8 U.S.C. §1182(a)(6) as "an alien present in the United States who has not been admitted or paroled." *Id.* at 3; *see also* ECF No. 1–1. On November 18, 2024, DHS exercised its discretion to parole Petitioner into the United States for humanitarian reasons pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.* That parole was authorized for one year and expired automatically on November 18, 2025. *Id.* Petitioner fully complied with all conditions imposed by Immigration and Customs Enforcement ("ICE") for over a year. *Id.*

On January 9, 2026, Petitioner was arrested by ICE officials while appearing for a scheduled appointment with the Intensive Supervision Appearance Program in Minnesota. *Id.* at 2. According to the Petition, Respondents detained Petitioner without any individualized determination of danger or flight risk, relying instead on recently adopted DHS and Executive Office for Immigration Review ("EOIR") policies asserting that all noncitizens charged as inadmissible under § 1182(a)(6)(A)(i) are arriving aliens subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 3.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 3 at 1–2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the

Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." ECF No. 3 at 2.

Respondents attempt to distinguish this case from *Vieira* by arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1), rather than the "catchall provision" contained in 8 U.S.C. § 1225(b)(2). ECF No. 4 at 2. According to Respondents, because Petitioner was initially placed in expedited removal proceedings, then transferred to full removal proceedings after establishing a credible fear of persecution or torture, he is subject to mandatory detention pursuant to a different Board of Immigration Appeals' decision, *Matter of M-S*, 27 I&N Dec. 509 (2019). *Id.* at 1, 3. However, this Court has already rejected similar arguments raised by Respondents in connection with Section (b)(1). *See Chauhan v. Noem*, No. EP-25-CV-00574-DB, at 7 n.5 (W.D. Tex. Oct. 16, 2025) ("The Court finds the fact that Petitioner is detained under Section 1225(b)(1) versus 1225(b)(2) inconsequential for purposes of its [due process] analysis. . . ."). Moreover, that Petitioner was paroled into the United States, rather than released on his own recognizance, is "a distinction without a difference." *Guerra-Miranda v. Bondi*, No. EP-26-CV-00028-KC (W.D. Tex. Jan. 21, 2026). The Court reiterates its original holding that noncitizens who have "established connections" in the United States by virtue of living in the country for a substantial period acquire a liberty interest in being free from government detention without due process of law. *Dept. of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Because the Government released Petitioner and permitted him to live in the United States for over a year, they cannot revoke that liberty without an individualized determination of the need to do so.

As for the remaining arguments raised in the Response, the Court has already rejected them. *Compare* ECF No. 4, 3–6 *with, e.g., Rodriguez Cortina v. De Anda-Ybarra*, No. EP-25-CV-00523-DB, 2025 WL 3218682 (W.D. Tex. Nov. 18, 2025); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025); *Chinchilla v. De Anda-Ybarra*, No. EP-25-CV-00548-DB, 2025 WL 3268459 (W.D. Tex. Nov. 24, 2025); *Escobar – Arauz v. Noem*, No. EP-25-CV-00619-DB, 2025 WL 3543648 (W.D. Tex. Dec. 10, 2025); *Espinoza v. Noem*, No. EP-25-CV-00618-DB, 2025 WL 3543646 (W.D. Tex. Dec. 10, 2025).

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[1] **IT IS HEREBY ORDERED** Petitioner's "Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory Relief," ECF No. 1., is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued

---

[1] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than February 11, 2026.**

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than February 10, 2026**.

**IT IS FINALLY ORDERED** Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than February 16, 2026.**

**SIGNED** this **9th** day of **February 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE